JACOB WIRTH & another *vs.* HENRY R. WIRTH.

Suffolk.   March 24, 1902. — May 23, 1902.

Present: HOLMES, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Practice, Civil,* Appeal, Moot question.

Where a petitioner appealed from a decree of the Probate Court, ordering him to file specifications on a certain matter alleged in his petition, and, after taking the appeal, filed the specifications required, this court, to which the case had come by an appeal from the decree of a single justice, refused to pass upon the question raised by the appeal as being a moot question, and ordered that the appeal to the full court be dismissed and the case remitted to the single justice, with directions to enter a decree dismissing the appeal from the decree of the Probate Court and to remit the case to that court for further proceedings.

PETITION, filed June 21, 1901, in the Probate Court for the County of Suffolk for the removal of Henry K. Wirth as administrator with the will annexed of the estate of Jacob Wirth.

The respondent demurred to the petition. In the Probate Court *McKim*, J. made the following decree: "Demurrer sustained, but the petitioners may file specifications upon the allegations affecting the conduct of the administrator since his appointment." The petitioners appealed.

On appeal, the case was heard by *Barker*, J., who made a decree reversing so much of the decree of the Probate Court as sustained the demurrer, affirming so much of that decree as allowed the petitioners to file specifications, and ordering that the case be remanded to the Probate Court for further proceedings. From this decree the respondent appealed.

It was admitted, at the argument, that after the appeal from the decree of the Probate Court was taken the petitioners filed

specifications in that court, to which the respondent demurred as insufficient.

*J. A. Halloran,* for the petitioners.

*G. W. Anderson,* for the respondent.

HAMMOND, J.   It may be assumed that the decree of the Probate Court of September 27, 1901, required the petitioners to file specifications within a reasonable time and therefore was subject to appeal.   We do not however find it necessary to decide the various questions argued before us, because we think that this appeal should be dismissed for reasons not affecting the merits of the controversy.

At the hearing before us it appeared that since making their appeal the petitioners have filed in the Probate Court specifications in accordance with the decree from which they appealed. This they had a right to do ; but, having done so, the order is no longer a grievance, and to pass upon it is to pass upon a moot question.   Under these circumstances the appeal to the full court should be dismissed and the case remitted to the Supreme Judicial Court for the County of Suffolk, with directions to enter a decree dismissing the appeal from the decree of the Probate Court and to remit the case to that court for further proceedings.

*So ordered.*